STATE OF MAINE *vs.* ROY B. ROWE.

Lincoln.     Opinion, September 15, 1933.

*Bradford C. Redonnett,* for the State.
*George A. Cowan,* for respondent.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

BARNES, J.    This is a criminal case which originated in a municipal court and progressed to this court on the record below and an agreement of parties to report the case to the Law Court. The complaint is that the respondent, from the fourteenth day of June, 1932, to the fifth day of the next month, without having procured a certificate from the Public Utilities Commission of Maine, permitting him to operate a motor vehicle in this state for the carrying of passengers for hire, over a regular route within the state, did so operate an automobile, upon a public highway between the passenger station of the Maine Central Railroad Company in Wiscasset and Boothbay Harbor, within this state.

The statute, R. S., Chap. 66, Section 4, under which the complaint is brought, reads as follows: "No person, firm, or corporation shall operate such (motor vehicle carrying passengers for hire over regular routes) vehicle or vehicles on any street or highway in any city or town of this state, without obtaining from the public utilities commission, a certificate permitting such operation."

In the agreed statement of fact the respondent admits having done the act forbidden, within the time alleged.

It is contended in argument that the statutes authorizing the public utilities commission to certify applicants as carriers of passengers for hire, and forbidding those without certificates to conduct such business are in violation of the constitution of the State.

The constitutionality of this branch of our motor vehicle law was upheld in a recent, well-considered case, *Maine Motor Coaches* v. *P. U. Commission,* 125 Me., 63, and nothing has been brought to our attention in the case at bar to bring us to a different conclusion.

*Judgment for the State.*